FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 16, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY E. WRIGHT,<br><br>Defendant. | No. 2:14-CR-00168-TOR-18<br><br>ORDER DENYING MOTION TO RECONSIDER DETENTION<br><br>**MOTION DENIED**<br>**(ECF No. 2298)** |

Before the Court is Defendant's Motion to Reconsider Detention. ECF No. 2298. Defendant requests this Court to reconsider its order of detention pending his supervised release revocation hearing before a district judge.

Defendant's motion does not provide facts that are new or materially different from what has already been considered, but does cite the Court to caselaw.

The first case Defendant cites is *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992). In the course of affirming the district court's denial of release pending appeal, the Ninth Circuit addressed the risk of a defendant's release being an "economic danger" to the community. The opinion in *Reynolds* is very brief, with almost no discussion of the facts below. With a passing reference to a case from another circuit, *Reynolds* does imply that any "economic danger" supporting detention must be of at least some magnitude.

ORDER - 1

In the second case Defendant cites, *United States v. Shields*, the district judge addressed release pending appeal, finding that defendant was not an economic danger (though eventually denying release on other grounds). 2015 WL 900694 (N.D. Cal. February 24, 2015). In finding that a defendant convicted of "fraud" was not an economic danger, the court cited the complete lack of prior record, and that defendant met all conditions of his pretrial release. In dicta, the court also questioned whether the "economic danger" justifying detention must be of the magnitude implied in *Reynolds*.

Defendant's circumstances here are somewhat distinguished from the facts in *Shields*. Defendant pleaded guilty to conspiring to commit bank fraud. ECF No. 585. Prior to sentencing, he was the subject of three petitions alleging that he had violated conditions of his pretrial release. ECF Nos. 758, 812, 953. The latter petition alleged assaultive behavior. Following his sentencing, Defendant was the subject of numerous petitions alleging violations of his supervised release, including additional allegations of criminal activity. ECF Nos. 1722, 1875, 1892, 1940, 2158, 2291. The latter petition alleged "money laundering."

Having reviewed Defendant's motion and the cited sources, the Court finds that Defendant provides no new factual material as required by 18 U.S.C. 3142(f) and that the cited authorities are distinguishable from Defendant's circumstances.

Therefore, Defendant's motion, **ECF No. 2298**, is **DENIED**.

**IT IS SO ORDERED.**

DATED May 16, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 2